Li v. Lynch

BIA
Hom, IJ
A087 787 895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:
>       DENNIS JACOBS,
>       PETER W. HALL,
>       RAYMOND J. LOHIER, JR.,
>               *Circuit Judges.*

_____

XUE HUA LI,
>       *Petitioner,*

>       v.                                      14-3523
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Jim Li, Flushing, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Daniel
                       E. Goldman, Senior Litigation
                       Counsel; Nicole N. Murley, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case REMANDED for further proceedings.

Petitioner Xue Hua Li, a native and citizen of the People's Republic of China, seeks review of an August 29, 2014, decision of the BIA, affirming a September 24, 2012, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Hua Li,* No. A087 787 895 (B.I.A. Aug. 29, 2014), *aff'g* No. A087 787 895 (Immig. Ct. N.Y. City Sept. 24, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA found waived (the IJ's pretermission of asylum). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Li expressly waives any challenge to the agency's denial of CAT relief. The only issue before us is the agency's denial of withholding of removal for lack of corroboration notwithstanding that the IJ found "that respondent was a credible witness about her forcible abortion." The applicable standards of review are well established. 8

2

U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 194-96 (2d Cir. 2009).

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating h[er] story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see also* 8 U.S.C. § 1231(b)(3)(C) (citing § 1158(b)(1)(B)(ii)). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ must, either in his decision or otherwise in the record, (1) identify the specific evidence missing and explain why it was reasonably available, (2) provide an opportunity to explain the omission, and (3) assess any explanation given. *See Chuilu Liu*, 575 F.3d at 198.

Here, the IJ determined that Li testified credibly, but the IJ unreasonably required her to provide a hospital certificate as evidence of her forced abortion. This Court and the BIA have held that an applicant's credibility may be damaged by the submission of an abortion certificate as evidence of a forced abortion because U.S. State Department reports inform us that hospitals in China issue such certificates for voluntary abortions only. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d

Cir. 2006); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005). The agency thus erred in finding such evidence reasonably available. *See Cao He Lin*, 428 F.3d at 405.

Furthermore, the agency did not properly evaluate Li's explanations for the missing evidence, confusing Li's explanations as to why she did not have evidence of her pregnancy or subsequent fertility treatments as her explanation for her lack of corroborating evidence of her abortion. *See id.* at 403. Because we cannot confidently predict that the agency would have made the same decision absent the identified errors, remand is required. *See id.* at 395.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk

4